

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

August 4, 1953

Hon. D. C. Greer
State Highway Engineer
Texas Highway Department
Austin, Texas

Opinion No. S-81

Re: Authority of the State
Highway Department to
issue a Texas Certifi-
cate of Title upon tem-
porary registration of
the motor vehicle in
another State.

Dear Mr. Greer:

Your request for an opinion deals with the pro-
visions of Article 1436-1, Vernon's Penal Code, as amended,
governing the issuance of certificates of title on motor
vehicles. The main portion of your request reads:

"We find that our interpretation of
these sections of the law is working a hard-
ship upon many of our citizens. As an illus-
tration, a Texas resident goes into some other
state and while there buys a new car. He hap-
pens to be in a state which will title his
car without requiring it to be registered.

"To get credit by the factory, the dealer
asks the buyer to let him secure title in that
state. The unsuspecting buyer agrees, then
he returns home with dealer cardboard plate,
temporary permit, etc. Regardless of the
means of return, he arrives at home with no
manufacturer's certificate of origin and no
registration or licensing, but he has titled
his car in the state of purchase. Under our
interpretation of the law, we have refused
to issue Texas title until he produces evi-
dence of registration or duplicate manufac-
turer's certificate.

"It has been urged upon us that the
Department has authority under Sec. 55 of
the above mentioned act to construe the
securing of title as described in the pre-
ceding paragraph as a form of registration
or licensing and thereby give relief to
these people.

"Question No. 1 - Do we have authority to accept the title of another state which is not accompanied by the usual registration receipt or evidence of registration as a basis for issuing a Texas title?

"As already mentioned briefly, some of these Texas residents who buy cars out-of-state return home under various forms of permits. For example, Iowa issues a license which is good for 30 days only. This was provided for the specific purpose of allowing buyers to get back to their home state to register. See photostatic copy attached.

"Question No. 2 - Does this type of temporary registration qualify under Sec. 7 as a satisfactory form of registration upon which to issue a Texas title?"

The answer to both of your questions is "Yes."

In State Highway Department v. Texas Automotive Dealers Association, 239 S.W.2d 662 (Tex. Civ. App. 1951, error ref.) the San Antonio Court of Civil Appeals had before it the complete problem, fully explored it, and held that as to a motor vehicle purchased or otherwise acquired outside the State of Texas to be imported into Texas for resale, the bargain, sale, transfer, or delivery of the motor vehicle outside this State transposed the legal status of such motor vehicle to that of a "used car" as then defined in Article 1436-1, V.P.C., and that there was no necessity for presenting a manufacturer's certificate as evidence of ownership. While this case was pending in the Court of Civil Appeals, House Bill 409, Ch. 301, Acts 52nd Leg., 1951, p. 482, was passed, amending Sections 7, 8 and 9 of Article 1436-1, Vernon's Penal Code, and in effect re-defining a "first sale" to be consummated upon initial registration or licensing of the motor vehicle either in Texas or elsewhere. (See A.G. Opinion No. V-1211, dated July 20, 1951).

"Registration" is not restricted in the statute to "usual registration" nor does it exclude "temporary registration." By section 30, Art. 1436-1, V.P.C., you are authorized to accept "such evidence of title as shall satisfy the designated agent that the applicant is the owner of such motor vehicle, and that the same is free of liens except such as may be disclosed on an

affidavit in form to be prescribed by the Department."
Section 55, supra, authorizes the Department to prescribe
rules to carry out the orderly operation of the Certifi-
cate of Title Act.  Under these authorities, you can
provide for the acceptance of such evidence of title
as is necessary for the protection of the public and
which is not otherwise specifically outlined within
the Act.  (See A.G. Op. No. V-1400, January 30, 1952.)

SUMMARY

> The Texas Highway Department
> has authority to accept the title
> of another State or temporary reg-
> istration as evidence of ownership
> upon which to issue a Texas Title.
> Sections 7, 8, 9, 30 and 55, Arti-
> cle 1436-1, V.P.C.

APPROVED:

Rudy G. Rice
State Affairs Division

Willis E. Gresham
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

VFT/rt/lm

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By V. F. Taylor
V. F. Taylor
Assistant